EXHIBIT A

COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

SHAWN WINKLER
    **PLAINTIFF**

        Use below number on
        all future pleadings

   -- vs --
        No. A 2100635
        SUMMONS

WELCH SAND & GRAVEL
    **DEFENDANT**

    WELCH SAND & GRAVEL
    8953 EAST MIAMI RIVER RD       D - 1
    CINCINNATI OH 45247

You are notified
that you have been named Defendant(s) in a complaint filed by

    SHAWN WINKLER
    16 NORTH TIMBER HOLLOW DRIVE
    APT 1618
    FAIRFIELD OH 45014

        Plaintiff(s)

in the Hamilton County, COMMON PLEAS CIVIL Division,
**AFTAB PUREVAL, 1000 MAIN STREET ROOM 315,
CINCINNATI, OH 45202.**
You are hereby summoned and required to serve upon the plaintiff's
attorney, or upon the plaintiff, if he/she has no attorney of record, a
copy of an answer to the complaint within twenty-eight (28) days after
service of this summons on you, exclusive of the day of service. Your
answer must be filed with the Court within three (3) days after the
service of a copy of the answer on the plaintiff's attorney.

Further, pursuant to Local Rule 10 of Hamilton County, you are also required to
file a Notification Form to receive notice of all future hearings.

If you fail to appear and defend, judgement by default will be rendered
against you for the relief demanded in the attached complaint.

Name and Address of attorney        AFTAB PUREVAL
MATTHEW G BRUCE                    Clerk, Court of Common Pleas
11260 CHESTER ROAD                Hamilton County, Ohio
SUITE 825
CINCINNATI   OH   45246
        By  RICK HOFMANN
                  Deputy

        Date:  February 24, 2021

D131143651



VERIFY RECORD

EXHIBIT A

COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

SHAWN WINKLER
    **PLAINTIFF**

                                                  Use below number on
                                                  all future pleadings
    -- vs --
                                                  No. A 2100635
                                                      SUMMONS

WELCH SAND & GRAVEL
    **DEFENDANT**

    WELCH SAND & GRAVEL
    CO GREGORY R WILSON STAT AGENT      D - 1
    1411 SYCAMORE STREET
    CINCINNATI OH 45210

You are notified
that you have been named Defendant(s) in a complaint filed by

    SHAWN WINKLER
    16 NORTH TIMBER HOLLOW DRIVE
    APT 1618
    FAIRFIELD OH 45014
                                                                                    Plaintiff(s)
in the Hamilton County, COMMON PLEAS CIVIL Division,
**AFTAB PUREVAL, 1000 MAIN STREET   ROOM 315,
CINCINNATI, OH 45202.**
You are hereby summoned and required to serve upon the plaintiff's
attorney, or upon the plaintiff, if he/she has no attorney of record, a
copy of an answer to the complaint within twenty-eight (28) days after
service of this summons on you, exclusive of the day of service. Your
answer must be filed with the Court within three (3) days after the
service of a copy of the answer on the plaintiff's attorney.

Further, pursuant to Local Rule 10 of Hamilton County, you are also required to
file a Notification Form to receive notice of all future hearings.

If you fail to appear and defend, judgement by default will be rendered
against you for the relief demanded in the attached complaint.


Name and Address of attorney          AFTAB PUREVAL
MATTHEW G BRUCE                           Clerk, Court of Common Pleas
11260 CHESTER ROAD                         Hamilton County, Ohio
SUITE 825
CINCINNATI       OH       45246
                                                     By  RICK HOFMANN
                                                                        Deputy


                                                                     Date:  February 24, 2021


D131143746


VERIFY RECORD

EXHIBIT A

COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

SHAWN WINKLER
    **PLAINTIFF**

            Use below number on
            all future pleadings

   -- vs --

            No. A 2100635
            SUMMONS

WELCH SAND & GRAVEL
    **DEFENDANT**

    SCOTT VAUGHN
    CO WELCH SAND & GRAVEL        D - 2
    8953 EAST MIAMI RIVER ROAD
    CINCINNATI OH 45247

You are notified
that you have been named Defendant(s) in a complaint filed by

    SHAWN WINKLER
    16 NORTH TIMBER HOLLOW DRIVE
    APT 1618
    FAIRFIELD OH 45014

                                    Plaintiff(s)

in the Hamilton County, COMMON PLEAS CIVIL Division,
**AFTAB PUREVAL, 1000 MAIN STREET   ROOM 315,
CINCINNATI, OH 45202.**
You are hereby summoned and required to serve upon the plaintiff's
attorney, or upon the plaintiff, if he/she has no attorney of record, a
copy of an answer to the complaint within twenty-eight (28) days after
service of this summons on you, exclusive of the day of service. Your
answer must be filed with the Court within three (3) days after the
service of a copy of the answer on the plaintiff's attorney.

Further, pursuant to Local Rule 10 of Hamilton County, you are also required to
file a Notification Form to receive notice of all future hearings.

If you fail to appear and defend, judgement by default will be rendered
against you for the relief demanded in the attached complaint.


Name and Address of attorney       AFTAB PUREVAL
MATTHEW G BRUCE                      Clerk, Court of Common Pleas
11260 CHESTER ROAD                   Hamilton County, Ohio
SUITE 825
CINCINNATI       OH       45246
                                      By  RICK HOFMANN
                                                        Deputy

                                        Date:    February 24, 2021

D131143655


VERIFY RECORD

EXHIBIT A



# AFTAB PUREVAL
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

```
ELECTRONICALLY FILED
February 22, 2021 09:07 AM
       AFTAB PUREVAL
      Clerk of Courts
    Hamilton County, Ohio
   CONFIRMATION 1035736
```

**SHAWN WINKLER**  A 2100635

vs.

**WELCH SAND & GRAVEL**

FILING TYPE: INITIAL FILING (OUT OF COUNTY) WITH JURY DEMAND

## PAGES FILED: 9

EFR200



VERIFY RECORD

# IN THE COURT OF COMMON PLEAS
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| SHAWN WINKLER, <br> 16 North Timber Hollow Drive <br> Apt. 1618 <br> Fairfield, OH 45014, <br><br> Plaintiff, <br><br> v. <br><br> WELCH SAND & GRAVEL <br> 8953 East Miami River Rd. <br> Cincinnati, OH 45247 <br><br> **Serve Also:** <br> WELCH SAND & GRAVEL <br> 11489 Hamilton Cleves Highway <br> Harrison, OH 45030 <br><br> WELCH SAND & GRAVEL <br> c/o Gregory R. Wilson, Statutory Agent <br> 1411 Sycamore Street <br> Cincinnati, OH 45210 <br><br> -and- <br><br> SCOTT VAUGHN <br> c/o Welch Sand & Gravel <br> 8953 East Miami River Road <br> Cincinnati, Ohio 45247 <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. <br><br> JUDGE: <br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** <br><br> **JURY DEMAND ENDORSED HEREIN** |

Plaintiff Shawn Winkler, by and through undersigned counsel, as his Complaint against the Defendants, states and avers the following:

## PARTIES, JURISDICTION, & VENUE

1. Winkler is a resident of the city of Fairfield, Hamilton County, state of Ohio.

2. Defendant Welch Sand & Gravel ("Welch") is a domestic corporation that conducts business within Ohio. The events that give rise to the claims for relief in this Complaint occurred at Welch's location at 8953 East Miami River Rd., Cincinnati, OH 45247.

3. Welch is, and was at all times hereinafter mentioned, Winkler's employer within the meaning of the Family First Coronavirus Response Act ("FFCRA") and R.C. § 4112.01(A)(2).

4. Upon information and belief, Defendant Vaughn is a resident of the state of Ohio.

5. Vaughn is and/or was an employee, supervisor, and/or manager at Welch.

6. At all times referenced herein, Vaughn acted directly or indirectly in the interest of Welch and/or within the scope of his employment at Welch.

7. At all times referenced herein, Vaughn supervised and/or controlled Winkler's employment at Welch.

8. At all times referenced herein, Defendant Ingram was Fox's employer within the meaning of the FFCRA and/or R.C. 4112.01(A)(2).

9. Personal jurisdiction is proper over Defendants pursuant to Ohio Revised Code §2307.382(A)(1), (3) and/or (4).

10. Venue is proper pursuant to Civ. R. 3(C)(1), (2), (3), and/or (6).

11. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

2

## FACTS

12. Winkler is a former employee of Welch.

13. Winkler worked for Welch as a Dispatcher from August 3, 2020, until Defendants unlawfully terminated Winkler's employment on August 18, 2020.

14. At all times noted herein, Winkler was fully qualified for and could fully perform the essential functions of his job.

15. Winkler was placed at Welch through Patrick's Staffing on August 3, 2020.

16. After working for a week, Winkler experienced a burning sensation in his leg. Winkler tried to ignore it, but the pain grew more intense.

17. Winkler informed his supervisor, Vaughn, about the pain and Vaughn told Winkler to get it checked out.

18. Winkler contacted Mercy Hospital and they informed Winkler to follow up with his physician because he had symptoms of COVID-19. Winkler immediately contacted his physician.

19. Winkler's physician scheduled Winkler to be tested for COVID-19 on August 14, 2020.

20. Winkler's physician also informed Winkler to quarantine until his test results were available.

21. Winkler notified Defendants that he was getting tested for COVID-19 and that his physician had ordered him to quarantine until he received his test results.

22. Prior to getting his test results, Defendants terminated Winkler's employment.

23. Defendants perceived Winkler to have a disability when he experienced symptoms of COVID-19, and they failed to offer Winkler a reasonable accommodation, such as a few days off to receive the results of his COVID-19 test.

24. Additionally, Defendants failed to compensate Winkler for the period of time that his physician ordered him to quarantine.

25. Defendants' actions are violations of state and federal law.

26. Defendants' refusal to allow Winkler any time off work to get tested for COVID-19 – and to quarantine pending the results of that test – was an adverse action against Winkler.

27. Defendants' termination of Winkler's employment was an adverse employment action against Winkler.

28. Defendants provided no legitimate business reason for terminating Winkler's employment.

29. Any purported reason for Winkler's termination is pretextual.

30. Defendants actually terminated Winkler's employment based on his actual and/or perceived disability, and/or to interfere with his FFCRA rights, and/or in retaliation for Winkler taking off work due to his physician's orders to quarantine pending the results of his COVID-19 test.

31. As a result of Defendants' acts and omissions above, Winkler has suffered damages.

**COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. §4112, et seq.**

32. Winkler restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

33. Due to his health issues described *supra*, Winkler was disabled within the meaning of R.C. § 4112.02.

34. In the alternative, due to Winkler's various health issues described herein, Defendants perceived Winkler as disabled under R.C. § 4112.02.

35. Defendants were aware of Winkler's health issues, and they were aware he was disabled under R.C. § 4112.02 and/or perceived him as disabled under R.C. § 4112.02.

36. Winkler's disabilities substantially impaired one or more major life activities under R.C. § 4112.02, including without limitation, his ability to work.

37. Despite his disabling conditions, Winkler was still able to perform the essential functions of his job, with or without a reasonable accommodation.

38. R.C. § 4112.02 provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's actual or perceived disability.

39. Defendants' termination of Winkler was an adverse employment action against him.

40. Defendants had no legitimate business reason for terminating Winkler's employment.

41. Defendants' purported reason for Winkler's termination was pretextual.

42. Defendants actually terminated Winkler's employment due to his actual or perceived disabilities.

43. Defendants violated R.C. § 4112.02 by terminating Winkler's employment because of his actual or perceived disabilities.

44. As a direct and proximate cause of Defendants' conduct, Winkler has suffered and will continue to suffer damages.

## COUNT II: FAILURE TO ACCOMMODATE

45. Winkler restates each and every prior paragraph of this complaint, as if it were fully restated herein.

46. Winkler informed Defendants of his health issues, his COVID-19 testing, and his physician's orders to quarantine pending the results of that test.

47. Winkler requested accommodations from Defendants to assist with his medical issues, including without limitation, time off work to quarantine until he received his test results.

48. Winkler's requested accommodations were reasonable.

49. This was an available accommodation that would have been effective and would have not posed an undue hardship to Defendants.

50. Defendants failed to engage in the interactive process of determining whether Winkler needed an accommodation.

51. Defendants failed to provide an accommodation.

52. Defendants violated R.C. §4112.02 by failing to provide Winkler a reasonable accommodation.

53. As a direct and proximate result of Defendants' conduct, Winkler suffered and will continue to suffer damages.

## COUNT III: UNLAWFUL INTERFERENCE WITH FFCRA RIGHTS

54. Winkler restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

55. Pursuant to the FFCRA, covered employers are required to provide employees job-protected paid leave for qualified medical and family situations related to the COVID-19 pandemic.

56. Welch is a covered employer under the FFCRA.

57. Winkler was an employee eligible for FFCRA due to his health conditions (described *supra*).

58. Defendants knew of Winkler's health issues, his COVID-19 testing, and his physician's orders to quarantine pending the results of that test.

59. Defendants intentionally terminated Winkler's employment before his use of protected FFCRA leave to interfere with his FFCRA rights.

60. During his employment with Welch, Winkler was unable to receive FFCRA benefits because of Defendants' interference with his FFCRA rights.

61. Defendants unlawfully interfered with Winkler's exercise of his rights under the FFCRA, in violation the FFCRA.

62. Defendants' refusal to provide Winkler with information pertaining to FFCRA leave and/or permit Winkler to take FFCRA leave violated and interfered with his FFCRA rights.

63. As a direct and proximate result of Defendants' conduct, Winkler is entitled to all damages provided for in the FFCRA.

## DEMAND FOR RELIEF

WHEREFORE, Winkler demands from Defendants the following:

a) Issue a permanent injunction:

   i. Requiring Defendants to abolish discrimination, harassment, and retaliation;

   ii. Requiring allocation of significant funding and trained staff to implement all changes within two years;

   iii. Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

   iv. Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

   v. Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

b) Issue an order requiring Defendants to expunge his personnel file of all negative documentation;

c) An award against Defendants for compensatory and monetary damages to compensate Winkler for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

d) An award of punitive damages against Defendants in an amount in excess of $25,000;

e) An award of reasonable attorneys' fees and non-taxable costs for Winkler's claims as allowable under law;

f) An award of the taxable costs of this action; and

g) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Matthew G. Bruce*
Matthew Bruce (0083769)
Trial Attorney
Evan R. McFarland (0096953)
**THE SPITZ LAW FIRM**
Spectrum Office Tower
11260 Chester Road, Suite 825
Cincinnati, Ohio 45246
Phone: (216) 291-0244 x173
Fax:    (216) 291-5744
Email: Matthew.Bruce@SpitzLawFirm.com
Email: Evan.McFarland@SpitzLawFirm.com

*Attorneys for Plaintiff Shawn Winkler*

## JURY DEMAND

Plaintiff Shawn Winkler demands a trial by jury by the maximum number of jurors permitted.

> */s/ Matthew G. Bruce*
> Matthew Bruce (0083769)
> **THE SPITZ LAW FIRM**